This Decision is a
Precedent of the TTAB

**UNITED STATES PATENT AND TRADEMARK OFFICE**
**Trademark Trial and Appeal Board**
**P.O. Box 1451**
**Alexandria, VA  22313-1451**

BUTLER

**Mailed:  May 7, 2010**

**Cancellation No. 92051768**

**MONTECASH LLC**

**v.**

**ANZAR ENTERPRISES, INC.**

**Before Hairston, Holtzman, and Kuhlke, Administrative Trademark Judges.**

**By the Board:**

   Petitioner seeks to cancel respondent's registration for the following mark



for a "pawn shop service."[1]  In the preamble and paragraphs 3 and 8 of the complaint, petitioner alleges its belief that it is and will continue to be damaged by the existence of respondent's

---

[1] Registration No. 2861123, issued on July 6, 2004, more than five years prior to commencement of this case.  Trademark Act §8 affidavit accepted, §15 affidavit acknowledged.  15 U.S.C. §§1058 and 1065.

registration, which is "inconsistent with Petitioner's right to freely describe its services." As grounds for cancellation, petitioner alleges that the term MONTEPIO means "pawnshop" in Spanish[2] and, therefore: that the registration should be cancelled because the term MONTEPIO is generic; or that the registration should be cancelled in part because a portion of the mark, the term MONTEPIO, is generic; or that the registration should be restricted by entry of a disclaimer of the term MONTEPIO. Paragraph Nos. 4-7 and 9 of the petition to cancel.

This case now comes up on respondent's fully briefed motion, filed January 4, 2010, to dismiss the petition to cancel for failure to state a claim upon which relief may be granted.

Petitioner argues in response to the motion that it alleged its belief that it is damaged by respondent's registration; that it is engaged in the same or a related business as respondent; and that it has an interest in using the Spanish term "montepio" in connection with its business. Thus, petitioner contends it has alleged its standing. Petitioner argues that it has a valid claim because it has requested partial cancellation or a restriction of the registered mark (by way of entry of a disclaimer of the purportedly generic term) as an alternative to full cancellation. Further,

---

[2] The term at issue is "MONTEPIO." The registration does not include a translation statement. Petitioner, using the "words only" coding in the USPTO's TARR database, refers sometimes in its pleading to the mark as "MONTEPIO$." As can be seen from viewing the mark itself, the dollar sign is not the last character in the term MONTEPIO but, instead, forms part of the money bag held by one of the people in the design element of the mark.

referencing particular prior cases, petitioner asserts that the authority granted the Board with respect to partial cancellation or restriction has been used with respect to registrations that are more than five years old.

In order to withstand a motion to dismiss for failure to state a claim upon which relief can be granted, a pleading need only allege such facts as would, if proved, establish that the plaintiff is entitled to the relief sought. That is, that (1) the plaintiff has standing to maintain the proceeding, and (2) a valid ground exists for cancellation of the registration. *See Lipton Industries, Inc. v. Ralston Purina Co.,* 670 F.2d 1024, 213 USPQ 185 (CCPA 1982). For purposes of determining such a motion, all of the plaintiff's well-pleaded allegations must be accepted as true, and the complaint must be construed in the light most favorable to the plaintiff. *See Advanced Cardiovascular Systems Inc. v. SciMed Life Systems Inc.,* 988 F.2d 1157, 26 USPQ2d 1038 (Fed. Cir. 1993); Fed. R. Civ. P. 12(b)(6); and TBMP §503.02 (2d. ed. rev. 2004).

**Petitioner's standing**

To allege standing within the meaning of Section 14 of the Trademark Act, 15 U.C.S. §1064, a petitioner must plead facts sufficient to show that it has a direct and personal stake in the outcome of the cancellation and a reasonable basis for its belief that it will be damaged. *See Ritchie v. Simpson,* 170 F.3d 1092, 1098, 50 USPQ2d 1023, 1025-26 (Fed. Cir. 1999). The focus must

be on whether petitioner has shown a reasonable basis for its belief in damage, and there is no requirement that any actual "damage" be pled or proved to establish standing or even to prevail in a cancellation proceeding. In a case involving assertion of an equal right to use a term, the question is whether the presumptions flowing from the respondent's registration are damaging to petitioner's right to legal and continuous use of that term. Competitors in the same field or industry as the respondent have a personal stake in the resolution of the question. *See Duramax Marine LLC v. R.W. Fernstrum & Co,* 80 USPQ2d 1780 (TTAB 2006); *M-5 Steel Manufacturing v. O'Hagin's Inc.*, 61 USPQ2d 1086, 1094 (TTAB 2001); and *Plyboo America, Inc. v. Smith & Fong Co.*, 51 USPQ2d 1633, 1634 (TTAB 1999). *See also* J. Thomas McCarthy, 3 <u>McCarthy on Trademarks and Unfair Competition</u>, § 20:50 (4th ed. 2009).

In this case, petitioner's standing arises from its position as a competitor; that is, as another entity offering pawn shop services, and its expressed need to use the term "montepio," which forms part of respondent's mark, to describe its services. Thus, petitioner has alleged facts which, if proven, would establish its standing in this cancellation proceeding.

**Petitioner's claims**

Trademark Act §14, 15 U.S.C. §1064, provides that after five years from the date of registration of a mark on the Principal Register, a petition (or counterclaim) to cancel said

4

registration may be filed only on grounds specified in subsections 14(3) and 14(5).[3]  Subsection 14(3) provides, in part, that a petition (or counterclaim) to cancel may be brought:

> [a]t any time if the registered mark becomes the generic name for the goods or services, or a portion thereof, for which it is registered ….   If the registered mark becomes the generic name for less than all of the goods or services for which it is registered, a petition to cancel the registration for only those goods or services may be filed.

Under Trademark Act §18, 15 U.S.C. §1068, the Board:

> … may cancel the registration, in whole or in part, may modify the application or registration by limiting the goods or services specified therein, may otherwise restrict or rectify with respect to the register the registration of a registered mark ….

## 1.  Cancellation of the registration in its entirety

A claim that the mark is or has become "… the generic name for the goods or services, or a portion thereof …," is a ground unavailable to petitioner in this case.  It is clear that respondent's mark, composed of a design element combined with the term MONTEPIO, is not generic as a whole.  Indeed, petitioner only asserts that a portion of the mark, MONTEPIO, is a generic term.

Similarly, petitioner cannot seek to cancel a mark registered for more than five years on the ground that a portion of the mark is a generic name, and the purportedly generic term has not been disclaimed.  The Board has held that Section 14(3) provides for a claim of cancellation on the ground of genericness

---

[3] Subsection 14(5) involves certification marks and thus is not relevant herein.

with respect to a registration more than five years old only if it is alleged that the mark as a whole is generic. *See Finanz St. Honore, B.V. v. Johnson & Johnson*, 85 USPQ2d 1478 (TTAB 2007*). See also* J. Thomas McCarthy, 3 <u>McCarthy on Trademarks and Unfair Competition</u> §20:56 (4th ed. 2009). Thus, respondent's motion to dismiss is granted as to petitioner's request that the registration be cancelled in its entirety.

2. <u>Cancellation of the registration in part</u>

Although petitioner is not entirely clear in its pleading, it appears that petitioner's second, alternative ground seeks deletion of the term MONTEPIO from respondent's mark as registered. Such a ground is not enumerated, and therefore not available, under Trademark Act §14(3). Indeed, any deletions of matter from a registered mark which may materially alter the mark and/or may result in a mutilation of the mark as used by the registrant would be prohibited. *See* Trademark Rule 2.72, 37 C.F.R. §2.72; and TMEP §§807.14 and 807.14(a) (6th ed. Rev. 1, Oct. 2009). This is so even where the matter involved may be generic, when such matter is an integral part of the mark. Thus, the remedy petitioner appears to seek is not available.

Accordingly, respondent's motion to dismiss is granted as to petitioner's second, alternative claim for relief.

3. <u>Relief sought to restrict or rectify the registration by entering a disclaimer</u>

As respondent has observed, petitioner did not specifically refer to Trademark Act §18, 15 U.S.C. §1068, in its pleading.

However, it is under this provision that the Board has the authority to cancel a registration in whole or in part, to restrict the goods or services identified therein, or to "otherwise restrict or rectify … the registration of a registered mark." *See Wellcome Foundation Ltd. v. Merck & Co.,* 46 USPQ2d 1478, 1479 (TTAB 1998). At paragraph No. 9 of the petition to cancel, petitioner specifically asks, in the alternative, for relief in the nature of a restriction to the registration by way of entry of a disclaimer of the assertedly generic term. Such relief would only be available pursuant to Section 18. Further, in briefing the motion to dismiss, the parties have discussed decisions interpreting Section 18. Consequently, we construe petitioner's third, alternative ground as seeking relief under this provision of the statute.

Relief under Section 18 may be sought separate and apart from any other ground. *See Eurostar, Inc. v. "Euro-Star" Reitmoden GmbH & Co. KG*, 34 USPQ2d 1266, 1271 (TTAB 1995) (" … we hereby overrule *Alberto-Culver* and *Procter & Gamble* (and any of our subsequent decisions that relied on one or both of those precedents), to the extent that those cases hold … (ii) Section 18 may be invoked by the Board only when tied to a properly pleaded ground for opposition or cancellation (e.g., abandonment)."). *See also Dak Industries, Inc. v. Daiichi Kosho Co.*, 35 USPQ2d 1434, 1437 (TTAB 1995), relying on Eurostar ("Opposer is relying on case law which has recently been

overruled by this Board," and "The Board now takes the position that … a claim for cancellation by restriction or modification … is an equitable remedy under Section 18 of the Trademark Act, not tied to a ground to cancel.").[4]  Thus, it is clear that petitioner here may assert a prayer for relief by relying solely on Section 18.

In *Kellogg Co. v. Pack'Em Enterprises, Inc*., 14 USPQ2d 1545 (TTAB 1990), the applicant counterclaimed to cancel one of opposer's pleaded registrations for the mark FROOT LOOPS on the grounds that the term "Froot" is descriptive and the registration did not contain a disclaimer.  *Id*. at 1547.  Such registration was less than five years old.  *Id*.  In the alternative, the applicant asked that the Board require the opposer to amend the registration to include a disclaimer of the word "Froot."  *Id*. There was no dispute in that case that registrations less than five years old may be cancelled on any ground which could have barred registration in the first place.  *Id*. at 1548-1549.  The Board went on to explain that a registration less than five years old may be cancelled on the ground that an undisclaimed portion of the mark is merely descriptive of the identified goods or services and that the mark should not be registered without a

---

[4] In *Dak Industries*, the Board also clarified that a party seeking to delete specific items from its opponent's application or registration (without regard to type, use, customers, or channels of trade) on the ground that the opponent is no longer using the mark on such goods and has no intent to resume such use asserts simply a straight-forward claim of abandonment, not a prayer for relief under Trademark Act §18.

disclaimer of that portion. *Id*. at 1549 and cases cited therein. In an order denying a motion to dismiss the counterclaim, the Board found that applicant had stated a ground upon which relief may be granted. *Id*. Though the Board ultimately did not reach the merits of the applicant's counterclaim, it is clear that, for a registration less than five years old, a disclaimer of a descriptive or generic term may be required. As already noted herein, such relief is not available under §14(3) of the Trademark Act when the registration is more than five years old. *See Finanz, supra.*

The issue here, then, is whether Trademark Act §18 provides a basis for seeking entry of a disclaimer of a term which comprises only a part of the mark, and which has been asserted to be generic, when the registration is more than five years old, notwithstanding that §14(3) does not provide such a basis. If so, then there is a ground available upon which relief may be granted; if not, then petitioner's prayer for relief is futile.

We do not find pursuit of such relief before the Board to be expressly contemplated by Section 18 itself or by its legislative history. Moreover, to allow petitioner the relief it seeks under Section 18 would be inconsistent with the plain wording of both Sections 14(3) and 18.[5] *See Park 'N Fly v. Dollar Park and Fly,*

---

[5] *Wellcome Foundation*, *supra*, relied on by petitioner, is distinguishable from the facts of the present case because the registration involved, although more than five years old, was registered on the Supplemental Register. Thus, as in *Kellogg, supra*,

*Inc.*, 469 U.S. 189, 224 USPQ 327, 329 (1985) ("Statutory construction must begin with the language employed by Congress and the assumption that the ordinary meaning of that language accurately expresses the legislative purpose."); and *In re Nantucket, Inc.,* 677 F.2d 95, 213 USPQ 889, 892 (CCPA 1982) ("Each part or section of a statute should be construed in connection with every other part or section so as to produce a harmonious whole.").

The Board, in *Eurostar,* 34 USPQ2d 1266, relied upon by both parties, discussed the evolution, purpose, and legislative history of Section 18, including the amendments thereto. The Board observed that the provisions of Section 18 were intended to give the Board greater ability to decide cases on the basis of the evidence presented, with respect to the goods and services, of each party's actual use. *Id.* at 1268. The Board concluded that the legislative history clearly contemplated that the Board would have authority "… to limit, or otherwise modify, the goods and services identified in a registration or application" (Senate Report No. 100-515, September 15, 1988); and "… the authority to cancel a registration in whole or in part, to limit or otherwise modify the goods and services in a registration or application in order to avoid a likelihood of confusion" (House Report No. 100-1028, October 3, 1988). *Id*. at 1269.

---

the grounds available to the petitioner in that case were not limited by Trademark Act §14(3).

The Board made clear in *Eurostar* that "[t]he restriction provisions of Section 18 are in the nature of an equitable remedy …" and are available for registrations more than five years old because the usefulness of Section 18 would be severely undermined if the Board's power to limit the goods and services of a registration could be exercised only with respect to registrations less than five years old. *Id*. at 1271, fn. 3. The Board's clarification on this issue presented by cases involving the question of likelihood of confusion is in harmony with Trademark Act §§ 14(3) and 18 as confirmed by the legislative history. Section 18 expressly provides for a limited remedy notwithstanding the provisions of Section 14(3); that is, Section 18 speaks directly to the goods and services without a time bar.

However, Section 18 contains no express provisions with respect to a disclaimer of a generic term in a mark registered for more than five years.[6] To read such provisions into Section 18 would conflict with the provisions of Section 14(3) and our reading of it in *Finanz*. In contrast to the salutary effect of allowing restriction of goods or services, notwithstanding that a

---

[6] Indeed, the Trademark Act §7, 15 U.S.C. §1057, presumptions flowing from the registration are for the mark as a whole and not to its individual parts. *See Sweats Fashions Inc. v. Pannill Knitting Co. Inc.*, 833 F.2d 1560, 4 USPQ2d 1793, 1797 (Fed. Cir. 1987) ("The registration affords *prima facie* rights in the mark[s] *as a whole*, not in any component. Thus, a showing of descriptiveness or genericness of *part* of a mark does not constitute an attack on the registration."). (Emphasis in the original). *See also Tea Board of India v. Republic of Tea, Inc.*, 80 USPQ2d 1881, 1884 at fn. 5 (TTAB 2006), *citing Sweats Fashions*, "… we do not consider the counterclaim against DARJEELING to constitute a collateral attack on the registration which consists only in part of DARJEELING."

11

registration may be more than five years old, because of the equitable purpose served of allowing marks to coexist on the register, allowing the Board to impose disclaimers after registrations are more than five years old is neither expressly provided for by the statute nor, in our view, an equitable remedy contemplated by the legislative history of Section 18.

In *Eurostar*, 34 USPQ2d 1266, the Board discussed its experience of having seen a number of pleadings in which parties sought to restrict their opponents' long-held registrations where such requests for restriction were not supported by claims that the requested restrictions would avoid findings of likelihood of confusion. *Id*. at 1270. As a consequence, such requested restrictions were "of dubious 'commercial significance,'" leading the Board to conclude they were brought for tactical rather than substantive reasons. *Id*. In order to resolve such problems, the Board determined that in cases involving a question of likelihood of confusion the party requesting restrictions under Section 18 must plead and prove that the proposed restriction would avoid a likelihood of confusion and the opponent is not using its mark on those goods and services to be deleted, so as to allow the claiming party a place for its mark on the register. *Id*. In contrast, petitioner's request for restriction of respondent's registration by entry of a disclaimer, unlike cases involving restriction of identifications of goods, would not, in and of

itself, allow marks to coexist on the register.[7] The Board's jurisdiction is limited to issues relating to the registrability of marks, and we clarify by this decision that a claim for restriction under Section 18 must not only be commercially significant but be related to the registrability of marks on the register.

In view thereof, petitioner, by seeking entry of a disclaimer for a purportedly generic term that forms part of a mark that is not generic in its entirety, and that has resided on the Principal Register for more than five years, has failed to state a claim upon which the Board will grant relief.

Accordingly, respondent's motion to dismiss, based on its claim to rectify the register for respondent's registration by entry of a disclaimer of the term MONTEPIO, is granted, and the petition to cancel is dismissed with prejudice.

***

---

[7] A generic name for a product or service cannot function as a trademark to indicate source. J. Thomas McCarthy, 3 McCarthy on Trademarks and Unfair Competition §12:1 (4th ed. 2009). Thus, if petitioner were seeking to register a mark including the term MONTEPIO, and was facing a refusal to register based on the existence of a registration over five years old where the mark includes a term believed to be generic, petitioner would not be prohibited from arguing and presenting evidence that such term is generic and therefore entitled to little or no weight in the likelihood of confusion analysis.